# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| ANDRENA H. o/b/o A.S.H.,[1] | : | Case No. 1:24-cv-00655 |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## DECISION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Untimely Complaint, or Alternatively, Motion for Summary Judgment ("Motion," Doc. No. 7). Plaintiff filed this lawsuit without the assistance of counsel and requested review of a final decision by the Commissioner of Social Security. (Complaint, Doc. No. 5.) Defendant responded by filing a Motion that asserts that Plaintiff's Complaint is either time-barred or, in the alternative, is precluded by a prior decision of this Court. (Doc. No. 7 at PageID 20-23.) Defendant supported its Motion with a Declaration from Rosanna Mapp, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Social Security Administration, as well as the Administrative Law Judge

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in Social Security cases, any opinion, order, judgment or other disposition in Social Security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

(ALJ) Order of Dismissal and the subsequent Notice of Appeals Council Action ("Final Notice"). (Doc. No. 7-1.) Plaintiff did not file a response.

For the reasons discussed below, the Court concludes that Plaintiff's Complaint is precluded by a prior decision of this Court, and so **GRANTS** Defendant's Motion.[2]

### I. BACKGROUND

Plaintiff filed an application for Supplemental Security Income on behalf of A.S.H., a minor child, in August 2020. (Doc. No. 7-1 at PageID 33.) The claim was dismissed because the request for hearing was not filed within the stated time period, and because Plaintiff had not established good cause for missing the deadline to request a hearing. (*Id.* at PageID 33-34.) The Appeals Council denied Plaintiff's request for review on December 1, 2022. (*Id.* at PageID 35-36.)

In a different case than the one currently before the Court, Plaintiff filed a Complaint in this Court on December 8, 2022 (also without the assistance of counsel), requesting review of the Commissioner's final decision on the August 2020 application. (*Andrena H. v. Comm'r of Soc. Sec.*, S.D. Ohio Case No. 1:22-cv-00729, Doc. No. 5.) On September 9, 2023, Magistrate Judge Stephanie Bowman dismissed the claim with prejudice for failure to prosecute, because Plaintiff failed to file her Statement of Errors within forty-five days after filing of the administrative record under S.D. Ohio Civ. R. 8.1(b). (*Id.*, "Order of Dismissal," Doc. No. 10.) Judge Bowman ordered that the case be "dismissed with prejudice," which means that it cannot be filed again. (*Id.*) Notably,

---

[2] Because the Court finds that Plaintiff's Complaint is precluded by the doctrine of res judicata, it need not address Defendant's assertion that the Complaint was untimely.

although Plaintiff filed a Motion to Reopen the Case (*id.*, "Motion to Reopen," Doc. No. 12), it remains pending and the Clerk's Judgment dismissing the case with prejudice has not been vacated.

On November 14, 2024, Plaintiff filed the Complaint in this case. (Doc. No. 5.) The Court notes that Plaintiff filed an additional application for Supplemental Security Income on behalf of A.S.H. on April 7, 2022. (Motion, Exhibit 3, Doc. No. 7-2 at PageID 37.) The Commissioner granted that application and found that A.S.H. was disabled beginning on April 7, 2022. (*Id.*) Because the Commissioner's determination was fully favorable,[3] it appears that Plaintiff's current claim relates solely to the Commissioner's final decision on the prior August 2020 application for benefits.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "operates to test the sufficiency of the complaint and permits dismissal of a complaint for 'failure to state a claim upon which relief can be granted.'" *Bigure v. Hansen*, No. 1:16-CV-808, 2017 WL 25503, at *2 (S.D. Ohio Jan. 3, 2017) (Black, D.J). A defendant may raise res judicata as the basis for dismissal. *Martin v. Dana Driveshaft Mfg., LLC*, No. 3:09CV793, 2010 WL 3515597, at *1 (N.D. Ohio Sept. 2, 2010) (citing *City of Canton v. Maynard*, 766 F.2d 236, 239 (6th Cir. 1985)).

---

[3] The determination form indicates that Plaintiff alleged a disability onset date of January 1, 2016. (Motion, Exhibit 3, Doc. No. 7-2 at PageID 37.) However, regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See* 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. Appx. 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application."). Therefore, the earliest date that the Commissioner could have found A.S.H. to be disabled was April 7, 2022.

3

However, because Defendant's Motion relies upon matters outside of the pleadings, the Court will analyze it under the standard applicable to motions for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). Plaintiff had notice of Defendant's Motion and therefore had the opportunity to submit evidentiary materials in response. Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists," and "the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (citation omitted). Once the moving party meets its initial burden, the nonmovant is required to "cit[e] to particular parts of materials in the record" to show that there is a genuine issue for trial." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts" and must point to "evidence upon which a reasonable jury could return a verdict in favor of the non-moving party." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (citation omitted). "When a motion for summary judgment is

properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III.   CLAIM PRECLUSION

####    A.   Applicable Law

"The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Claim preclusion serves several purposes: "to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, encourage reliance on adjudication, and promote comity between the state and federal courts." *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 744 (6th Cir. 2002) (*citing Allen v. McCurry*, 449 U.S. 90, 94-96 (1980)).

The doctrine of res judicata precludes the consideration of a subsequent claim if all of the following elements are met: (1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the first action; (3) the second action raises issues or claims which were either actually litigated or should have been raised and litigated in the prior action; and (4) an "identity" exists between the causes of action – which means that "the claims arose out of the same transaction or series of transactions, or . . . the same

core of operative facts." *Browning v. Levy*, 283 F.3d 761, 771-72, 773-74 (6th Cir. 2002) (internal citation and quotation omitted).

      B.      **Res Judicata Bars Plaintiff's Complaint**

The Court concludes that res judicata bars Plaintiff from proceeding with her Complaint in this case. The present suit involves the same parties, issues, and facts as the complaint that Plaintiff previously filed in Case Number 1:22-cv-00729. Therefore, the second, third, and fourth res judicata factors are met. *See Browning*, 283 F.3d at 771-72.

Turning to the issue of whether Magistrate Judge Bowman's dismissal of the prior complaint constitutes a final decision on the merits, the Court finds that it does. Federal Rule of Civil Procedure 41(b) addresses the effect of an involuntary dismissal:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Here, Judge Bowman's dismissal order did not state that the judgment was *not* on the merits. (*Andrena H.*, S.D. Ohio Case No. 1:22-cv-00729, Order of Dismissal, Doc. No. 10.) Under Rule 41(b), the dismissal therefore *is* on the merits. *See Seiler v. United States*, No. K86-78, 1987 U.S. Dist. LEXIS 15371, at *11 (W.D. Mich. May 19, 1987) ("It is clear that a dismissal for failure to prosecute is expressly governed by Rule 41(b), and where the Court's order, as in the present case, fails to provide otherwise, the dismissal is on the merits." (citing *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978))).

The Court acknowledges that Plaintiff's Motion to Reopen is still pending in the case that is before Judge Bowman. (*Andrena H.*, S.D. Ohio Case No. 1:22-cv-00729, Motion to Reopen, Doc. No. 12.) But the pending motion does not affect the finality of Judge Bowman's Order of Dismissal. Although Plaintiff did not cite a Federal Rule of Civil Procedure in support of her Motion to Reopen, that Motion is reasonably construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See Gunther v. Ohio Dep't of Corr.*, 198 F.3d 245 (Table), 1999 WL 1045168, at *1 (6th Cir. Nov. 9, 1999) ("Gunther's post-judgment 'motion to reopen' was properly deemed filed under Fed. R. Civ. P. 60(b) because it was not filed within ten days after entry of the district court's judgment, the period during which a timely Fed. R. Civ. P. 59(e) motion to alter or amend the judgment must be filed."). A Rule 60(b) motion "does not affect the judgment's finality or suspend its operation." Fed. R. Civ. P. 60(c)(2); *see also Peake v. First Nat. Bank & Tr. Co. of Marquette*, 717 F.2d 1016, 1020 (6th Cir. 1983) ("a motion under Rule 60(b) 'does not . . . affect the finality of[] the original judgment'" (citing *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 263, n.7 (1978))).

Since Judge Bowman's dismissal of Plaintiff's prior complaint is a "final decision . . . rendered on the merits," the remaining res judicata factor is satisfied. *See Browning*, 283 F.3d at 771. Because all four factors are met, the doctrine of res judicata applies and bars Plaintiff's claims in the instant case. Construing Defendant's Motion as a motion for summary judgment, Defendant is awarded summary judgment and Defendant's Motion is **GRANTED**.

7

**IT IS THEREFORE ORDERED THAT**:

1. Defendant's Motion to Dismiss Untimely Complaint, or Alternatively, Motion for Summary Judgment (Doc. No. 7), construed as a motion for summary judgment, is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE;

2. Judgment is entered in favor of Defendant and against Plaintiff; and

3. This case is terminated on the Court's docket.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge